UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JIMMY WILLIAM NOBLE,

     Petitioner,      Case No. 1:13-cv-1074

v.      Honorable Janet T. Neff

BONITA HOFFNER,

     Respondent.
_____/

## REPORT AND RECOMMENDATION

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Jimmy William Noble presently is incarcerated at the Lakeland Correctional Facility. Following a jury trial in the Calhoun County Circuit Court, Petitioner was convicted of first-degree murder, MICH. COMP. LAWS § 750.316. On September 9, 1985, Petitioner was sentenced to life imprisonment.

Petitioner appealed his conviction to the Michigan Court of Appeals, raising five issues: (1) the conviction was supported by insufficient evidence; (2) the trial court abused its discretion in denying the motion to suppress Petitioner's coerced statement; (3) the trial court committed error in responding to a jury question about the intent to kill required for first-degree murder; (4) the trial court erred in admitting evidence of flight; and (5) the prosecutor committed misconduct in commenting on Petitioner's failure to testify at trial. In a memorandum opinion issued January 28, 1988, the court of appeals affirmed his conviction. Petitioner sought leave to appeal to the Michigan Supreme Court, which denied leave to appeal on June 28, 1988.

On July 10, 2013, Petitioner filed a motion in the Calhoun County Circuit Court, seeking a hearing based on newly discovered evidence. Petitioner asserts that he raised the same seven claims in the circuit court as he presents in this petition: (1) actual innocence; (2) failure to preserve crime-scene evidence critical to proving Petitioner's innocence and coercion of Petitioner's confession; (3) violation of the privilege against self-incrimination; (4) failure of the prosecution to disclose evidence favorable to Petitioner; (5) conspiracy to entrap and coerce Petitioner into a confession; (6) prosecutorial and judicial misconduct in conspiracy with defense counsel in permitting impermissible prosecutorial argument at sentencing; and (7) denial of a right to a speedy

trial and trial by a fair and impartial jury. The trial court denied the motion on July 30, 2013. Petitioner does not appear to have filed an appeal of that decision.

The instant petition was filed on or about August 2, 2013.[1]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on August 2, 2013, and it was received by the Court on September 30, 2013. Thus, it must have been handed to prison officials for mailing at some time between August 2 and September 30, 2013. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

### A. § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to paragraph 9 of Petitioner's habeas application, Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on June 28, 1988. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 26, 1988, prior to the effective date of the AEDPA.

Because enactment of the statute could extinguish otherwise viable claims, the Sixth Circuit has held that a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has a grace period of one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on

April 24, 1997. *Bronaugh*, 235 F.3d at 284-85. Petitioner filed his petition on or about August 2, 2013. Obviously, absent tolling or other exception, Petitioner's habeas application, filed 16 years after expiration of the limitations period, is time-barred, if § 2244(d)(1)(A) controls this case.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 1997, his collateral motion filed in 2013 could not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen*, 366 F.3d at 401. The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner argues, however, that he should be excused from the statute of limitations because he is actually innocent of the offense. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to making a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329) (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence

need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner extensively argues that he meets the *Schlup* standard for demonstrating actual innocence by providing a litany of arguments about why the result of his trial should have been different: the failure of police to preserve crime-scene evidence such as possible fingerprints and DNA; the manner in which his statement was coerced; the factual inconsistencies in the record; and unspecified inaccuracies in the record on appeal. Petitioner's arguments, however, involve evidence that was either available at the time of trial and appeal or could have been investigated at that time. Indeed, it is apparent from Plaintiff's lengthy petition and attachments that many of the issues about which he complains were the subject of motions, objections, evidence and argument at trial. The jury heard and weighed conflicting evidence. The trial court held an evidentiary hearing on the admissibility of the allegedly coerced statement. And any errors in the record on appeal should have been apparent at that time. Moreover, Petitioner presents no evidence that, had the crime scene been better preserved, specific, exculpatory evidence would have been found.

Petitioner suggests, however, that he has discovered new evidence because, on July 4, 2012, his memory suddenly returned, and he now remembers all of the details of the police interrogation and knows that he was not properly given *Miranda* warnings. He implies that, had the evidentiary hearing on the admissibility of his statement been held today, his motion to suppress would have been granted. Plaintiff's claim that his memory of the coercive nature of his interrogation was restored twenty years after the events in issue does not provide new evidence of

his actual innocence. It is purely hypothetical and goes only to the admissibility of his statement, not his innocence of the crime charged.

In sum, Petitioner proffers absolutely no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

### B. § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the habeas statute of limitations may also be triggered by the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner appears to suggest that his restored memory should trigger the running of a new statute of limitations because he now has the ability to present a stronger defense.

Assuming without deciding that the restoration of a petitioner's memory could under some circumstances trigger a new statute of limitations under § 2244(d)(1)(D), this is not such a circumstance. Petitioner's allegedly improved memory goes only to his ability to add details to his previously litigated claim that his confession was coerced. It is apparent from the court of appeals decision that Petitioner challenged his confession on the grounds that he was intoxicated, that he was made promises of leniency, and that he was shown graphic pictures of the dead victim and her fetus to extract his confession. (Mich. Ct. App. Op., Attach. 7 to Compl., docket #1-7, Page ID#248.)

Regardless of whether Petitioner remembered every detail of the interrogation at the time of his trial,[2] the "factual predicate of the claim" not only could have been discovered, but was discovered.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date: October 28, 2013 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[2] The Court also observes that Petitioner's claim that his memory of events twenty years after his interrogation is better and more accurate than it was at or near the time the interrogation occurred more than strains credulity.