UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMY WILLIAM NOBLE,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.
_____/

Case No. 1:13-cv-1074

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner contends that, because he is entitled to equitable tolling, the Magistrate Judge erred by concluding that his habeas corpus petition is time barred (Pet'r Obj., Dkt 14 at 1-2, 4). To justify his argument, Petitioner advances several reasons for failing to comply with the one-year statute of limitations: (1) the failure of trial and appellate counsel "to properly investigate and assemble

evidence that would have proven Petitioner's innocence" (*id.* at 2); (2) that appellate counsel did not agree to include an ineffective assistance of counsel claim in the appeal (*id.*); (3) Petitioner's failed attempts to secure evidence presented in his trial (*id.*); (4) Petitioner's difficulty with pursuing his legal challenge as a "layman of the law" and without funds to retain counsel (*id.* at 2-3); (5) that the challenge of locating evidence which "could add credence to Petitioner's claim of innocence" is an extraordinary circumstance that prevented him from filing in a timely manner (*id.* at 3, 7); and (6) Petitioner's medical condition that caused him to be hospitalized for several months at some unspecified time (*id.* at 4).

Petitioner's argument fails because his reasons do not establish "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way.'" *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner does not qualify for equitable tolling if he does not establish both of these elements. *Id.*

First, even if all of Petitioner's assertions are true, he has failed to show that he has been diligently pursuing his rights. As the Magistrate Judge noted, Petitioner filed his habeas corpus petition 16 years after the statutory limitations period expired (R&R, Dkt 7 at 5). "The diligence required for equitable tolling purposes is 'reasonable diligence'. . . ." *Holland*, 560 U.S. at 653 (citing *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). In *Holland*, the petitioner wrote frequent letters to his attorney requesting information and giving directions; sought to have his attorney removed from his case for failing to pursue his legal rights; and immediately prepared and filed his own habeas petition after learning that his inactive attorney had allowed the limitations period to expire. *Id.*

Here, Petitioner attempts to demonstrate his diligence by stating that "it took all these years from 2/17/1982 to 7/4/2012 for him to obtain [sic] all the records, information and discover enough evidence to prove all the issues and grounds now being presented in this court …." (Pet., Dkt 1 at 68). Petitioner's explanation is without merit. Petitioner's "investigation" seems to consist of letters from 2001 and 2009 to the Calhoun County Circuit Court Clerk and to his former attorney, as well as motions filed in state court during 2009, all of which sought information from the trial record that has always been available to Petitioner (*see, e.g.*, Pet'r Brf. in Support of *Ginther* Mot. Vol. 2, Exs. P-5, P-7, Dkt 1-8; Pet. Ex. B-60, Dkt 1-2 at 69). Petitioner did not request this information until several years after the statute of limitations had expired in 1997. He simply did not show the same level of persistence or swift action as the petitioner in *Holland*. Furthermore, neither AEDPA nor the doctrine of equitable tolling "convey a right to an extended delay while a habeas petitioner gathers every possible scrap of evidence that might support his claim." *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004) (seven-month delay in filing habeas petition "suggests that equitable tolling is inappropriate in this case"). Petitioner has failed to show his reasonable diligence.

Second, none of Petitioner's assertions demonstrate that an extraordinary circumstance prevented him from filing his habeas petition. As the Magistrate Judge stated, "[t]he fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling." (R&R, Dkt 7 at 6, citing *Allen*, 366 F.3d at 403-04). Even if Petitioner contends that his former attorneys made errors, a lawyer's mistake does not generally justify equitable tolling. *Jurado*, 337 F.3d at 644-45; *see also*

3

*Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.")). Additionally, Petitioner's alleged "several month" hospitalization, even if it occurred before the limitations period expired, is not an extraordinary circumstance because he had one full year from the effective date of AEDPA (April 24, 1996) in which to file his petition (R&R, Dkt 7 at 3-4). Furthermore, Petitioner's unsupported, conclusory allegations, that his attorneys conspired with law enforcement to wrongfully convict him of murder (*See, e.g.*, Pet., Dkt 1 at 29), do not suffice as evidence of serious attorney misconduct that might meet the extraordinary circumstances prong. *See Holland*, 560 U.S. 650-52.

Finally, as a supplemental argument, Petitioner contends that U.S.C. § 2244(d)(1)(B) applies in this case because he did not have legal assistance in filing his petition (Pet'r Obj., Dkt 14 at 6-7). Petitioner's argument is without merit. Under § 2244(d)(1)(B), the one-year limitation period does not begin to run until an impediment to filing, caused by unconstitutional or unlawful State action, is removed. Here, there is no evidence of *any* State action that prevented Petitioner from seeking the advice of counsel or filing his petition. Therefore, § 2244(d)(1)(B) is irrelevant to Petitioner's case. Moreover, as previously stated, a petitioner's lack of legal knowledge or legal counsel does not prevent the petitioner from filing a habeas petition. *See, e.g.*, *Allen*, 366 F.3d at 403-04; *Holland*, 560 U.S. at 653.

In sum, Petitioner has not demonstrated that he is entitled to equitable tolling because he has failed to establish that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from filing his habeas petition. The Magistrate Judge properly concluded that Petitioner's habeas corpus petition is barred by the statute of limitations.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling, that the petition is time barred, debatable. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the Objections (Dkt 14) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 7) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to the Court's procedural ruling that the petition is time barred.


Dated: December  1 , 2014         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge